Mr. Richard A. Weiss, Director Arkansas Department of Finance and Administration 1509 W. 7th, Suite 401 P.O. Box 3278 Little Rock, AR 72203-3278
Dear Mr. Weiss:
You have asked me to reconsider Opinion No. 2003-293, issued on October 17, 2003, in which I opined that a non-profit private club that holds both a state private club permit and a state on-premises retail beer permit is not exempt from the city's supplemental tax levied pursuant to A.C.A. § 3-9-223.
You indicate that the Department of Finance and Administration is interested in this issue because it has the responsibility for administering the state supplemental tax, which is levied by the same statute and is subject to the same statutory language. You further indicate that the Department of Finance and Administration takes the position that if a private club has both a state private club permit and a state on-premises retail beer permit, it is exempt from the supplemental tax. In support of this interpretation, you compare the supplemental tax levied by A.C.A. § 3-9-223 with the supplemental tax levied by A.C.A. §3-9-213, and you make the following statement:
 This provision clearly states that the supplemental tax is not due on the retail sale of beer to be consumed on-premises. As a result, beer provided to a member of a private club pursuant to the private club permit is not subject to the state and city supplemental tax. If beer is sold pursuant to a retail beer permit, the law provides that neither the state nor city supplemental tax is due.
Letter from Richard Weiss to Attorney General Mike Beebe dated November3, 2003.
You further state that your interpretation is based in part on the language of A.C.A. § 3-9-207, which allows a holder of a retail beer permit to sell beer for consumption without a membership requirement, and A.C.A. § 3-9-202(10), which provides that a person is not required to become a member of a private club in a wet area of the state in order to purchase beer. You state that a membership in such areas is required only if the person intends to purchase alcohol other than beer and wine. Finally, you state: "Since the holder of a retail beer permit can sell to anyone and there is no membership requirement to purchase beer in a private club located in a wet county, the legislative intent appears to be that all beer provided by a private club with a retail beer permit, whether to members or non-members, is being sold pursuant to the retail beer permit." Id.
I have reviewed Opinion No. 2003-293 in light of your arguments and have concluded that the opinion should not be revised.
I find no evidence in any of the pertinent statutes indicating a legislative intent to exempt retail permit holders from the supplemental tax on charges for beer delivered to private club members pursuant to a private club permit. Although you indicate that you find a clear statement of such intent in A.C.A. § 3-9-213, I can find no such statement in that provision. That is, A.C.A. § 3-9-213 does not include any statement (explicit or implicit) to the effect that "the supplemental tax is not due on the retail sale of beer to be consumed on-premises." I note moreover (and more importantly) that A.C.A. § 3-9-223 contains no such statement either.
On the contrary, the legislative intent of the permit statutes, when read together as a whole, appears to be to distinguish between retail sales drawn from the retailer's stocks on the one hand, and on the other hand, the delivery of beer and wine from the private stocks of club members. The legislature appears to have intended to make clear that different types of taxes are to be applied to the two different types of transactions. In this regard, it should be noted that the supplemental tax of A.C.A. § 3-9-223 is levied on the charge that is imposed upon private club members for the cooling and serving of beer and wine drawn from the private stocks of the private club members for on-premises consumption. See A.C.A. §§ 3-9-221, -223. This is a completely different transaction from a retail sale of beer, which is subject to the regular gross receipts tax. It is also pertinent to note that if a retail beer permit holder who also holds a private club permit makes a retail sale of beer to a private club member, and the beer is not drawn from the private stocks of the members, the supplemental tax would not apply to that transaction. Rather, the regular gross receipts tax would apply. The distinguishing feature that must determine the applicability of the supplemental tax of A.C.A. § 3-9-223 is the nature of the transaction: is the transaction a retail sale drawn from the retailer's stocks, or is it a delivery from the private club members' stocks? The law simply provides no basis whatsoever for requiring the supplemental tax to be paid on some deliveries of beer from private club members' stocks but not on other identical transactions. For these reasons, it is my opinion that your arguments concerning the language of A.C.A. § 3-9-207 and A.C.A. §3-9-202(10), which permit retail sales by private club permit holders, are inapposite to the issue of the applicability of the supplemental tax. The fact that a private club permit holder may also be permitted to make retail sales only begs the question of the applicability of the tax.
In my opinion, the law provides no basis for exempting retail permit holders from the supplemental tax. As indicated in Opinion No. 2003-293, the legislature explicitly provided for an exemption from the supplemental tax for bed and breakfast private clubs. If the legislature had intended to provide any other exemption, it would have done so in the same way. Moreover, it should be noted that in the one provision that explicitly addresses the situation in which a private club permit holder also holds a retail beer permit, no mention is made of an exemption from the supplemental tax. Rather, the provision only addresses hours of operation. See A.C.A. § 3-9-202(10)(C).
For all of the foregoing reasons, I must conclude that Opinion No.2003-293 was correct and should not be revised: private club permit holders that also hold retail beer permits are not exempt from the supplemental tax. I note, however, that if this conclusion leads to administrative difficulties or inconveniences, the problem is one that should be addressed by the legislature.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General